Case for argument, Hartford Casualty v. Karlin, Fleisher Mr. Brown You two are brothers, are you? At least if we are, we weren't at the last holiday dinner together Maybe he's my long lost brother The resemblance is almost knockout I don't know, is that a compliment to either one of us? I think you're both gorgeous Your Honor, I think the issue in this case is what is the purpose of the employee benefit liability insurance coverage? Is it meant to cover the nature of the employee benefit or is it meant to cover the consequences of the act of the insured in administering those employee benefit plans? The underlying opinion in Hartford argues that it is the nature of the obligation that controls the determination of whether there is a duty to defend in this case We argue that it is the consequences of the employer's act in administering those employee benefit plans And the error in the reasoning that it is the nature of the obligation that determines whether there is coverage I think is demonstrated If you look at the example in the Baylor case that the court suggested might be a circumstance in which there would be coverage But you don't have coverage for breach of contract Isn't that what's involved here? A breach of contract? But any employee benefit arises out of the contractual obligation between the employer and the employee You have no independent right But you don't buy insurance against a breach of contract For obvious reasons because then you just breach your contracts, break your contracts with abandon Since you're insured against being sued for breach of the contract Right You're not arguing that No So where's the negligence as opposed to just the breach of a contract? The negligence arises out of the act of the employer in administering that contractual obligation that you have to look at Otherwise there would never be insurance in this case And the risk that the courts address is the intentional But you don't want to say that every breach of contract is the result of negligence Because then every breach of contract becomes insured Which you can't have that, right? That's correct But the insurance company has to look at the actions that cause the breach Because the moral risk in the case law talks about what happens if there's an intentional breach That's what the reasoning in those cases is asserting that they're protecting against But that could arise with any insurance I have my homeowner's insurance If I burn my house down, it's not covered Well, what is the negligence act here? It's the failure of our clients to maintain the records necessary to defend themselves against the claim Of the plaintiff in the underlying case to the vacation So you bought insurance against failure to maintain your own records? If it was done negligently, that's correct That doesn't sound right Well, but look at the example Then you can be a totally clumsy and incompetent firm And you say, well, I don't have to be careful because I'm insured That doesn't sound right Well, if it's negligent conduct The example in Baylor It doesn't sound right, it sounds fishy You're saying a company says, I don't have to worry about details, paying people, anything of that stuff I'm insured I'm careless Of course I know I'm careless I like to be careless because I'm insured So it doesn't cost me anything to be careless It doesn't sound right, does it? Doesn't that sound goofy? Really goofy? I don't think so because You're kidding No, no Extend the analysis to the example You are rewarding carelessness, sloppiness You say, we don't care about our records We don't care, overpay, underpay, doesn't matter Insurance pays for it No, no insurance company is going to write insurance You know, slobs But the example in the Baylor You go to Hartford and say, look I really need insurance against negligence I don't know how to manage a business I'm constantly making mistakes Will you please insure me? I don't see that conversation But the examples for this insurance Including the one in the Baylor case Which is the failure to enroll a person in a pension plan Or the example in the marketing materials For these types of insurances The failure to enroll someone in a health insurance plan Is not materially different than your example And if that's covered Then my client's failure to maintain those records Should be covered as well Because you look at the consequences of their acts In determining what the insurance coverage is That's what you just said Is the gist of your argument in its entirety, isn't it? It is Okay, either we agree with you or disagree with you That's correct An additional issue that was raised Was the language for the I knew it was too good to be too bad Well, I want to address the exclusionary language As well, that's referred to by Hartford Again, the way the exclusionary language reads We think creates an ambiguity Because it says to form any obligation Or fulfill any guarantee With respect to the payment of benefits So anything in the administration Of the employee benefit plan Would fall within that definition Or at least that definition could be used To deny any type of coverage Therefore, we don't think the exclusion Can be the basis for denying The insurance company's obligation To provide a defense Because it would make the coverage illusory Do you have a case like this? With respect to the exclusionary language? No Well, there's always got to be a first There always has to be a first, correct your honor Okay, well thank you very much Mr. Brown Mr. Duffy Good morning May it please the court Michael Duffy on behalf of the plaintiff Appellee Hartford I think the court has kind of seized upon the issue And the way that the Hartford views the issue presented Is the virtually identical issue To the case presented in Baylor This is a case in which an insured Is seeking insurance benefits For a claim made against them For wages under a written Employee benefit contract That's what Ronald Fleischer's case Was about against them When they settled it The allegations of supposed negligence Really are irrelevant As concerns the duty to defend Because as counsel for the putative insurance Has admitted, it is a negligence That they were going to try to use As a defense essentially to Ronald's claim Essentially what they're arguing is We didn't keep any records about whether or not we paid this guy And that was negligent on our behalf And so therefore, Hartford You have to pay this man the wages That we told him we were going to pay him I mean, that is really an outrageous situation And would require this court I think, excuse me You can keep calm, you don't have to be outrageous I'm an Irishman, so I get worked up over stuff like this So am I, but I don't have a binding sense of guilt that goes with it Yes, there is But it really gets to the point That if your honors are going to Rule in favor of the policy holders here You really have to reverse the Baylor case Because Baylor says specifically That an agreement to pay something Under a written agreement Can never provide a duty Or provide a duty that can sustain A negligence cause of action It's not possible That's what Baylor says And so if your honors are going to do anything about And find coverage for the putative insurance here You'd have to reverse Baylor Mr. Duffy, can I talk to you about Hartford's response here? I'm sorry? Can I talk to you about Hartford's response to the inquiry? Sure My notes indicate they contacted Hartford on September 25th of 2013 To inform them of the suit And obviously seeking coverage Hartford doesn't respond until February 4th And The way I read this You didn't respond, you didn't take any action Until settlement was imminent Now, you know the insurance code Speaks to this kind of conduct Do you want to respond to that? Well, I don't think I think that first of all With respect to the insurance code There was never a bad faith cause of action Pled against Hartford whatsoever And so the only insurance code Frankly is in irrelevancy with respect to this case You don't think that the fees that were incurred During this delay, should it all fall To Hartford's expense? Yes, if in fact there is a duty to defend And that is kind of the point What the policy holders have argued here Is that we should be stopped From contesting an obligation to defend Based upon the fact that we filed a lawsuit A few days before They actually went into mediation Of the underlying case Now, my understanding of the underlying case at that point too Was that they had filed a motion to dismiss Which is in the record here Concerning whether or not they had joined all the necessary parties The underlying case had not proceeded very far at all And that the law on estoppel It only applies to whether or not An insurer is stopped from denying an indemnity obligation Not a defense obligation And I think the law is pretty clear That even if you accept the timeline here It's six or seven months between the time of the tender And the time of the filing of the lawsuit And that time period is entirely reasonable Based on multiple precedents So I don't think that estoppel has any applicability here With respect to whether or not we have an obligation Or we can deny a defense obligation And set forth those matters within the pleadings It can't create that obligation And then moreover, even if it could, which it doesn't We filed within a sufficient period of time And the fact that they settled the underlying case Really rather swiftly Since it wasn't even at issue Does not make the delay Or if you call it a delay The time period unreasonable So that's Hartford's position with respect to that But you didn't respond until you learned about the mediation, right? No, I think we did respond before that time I think there was a response prior to that time I guess my notes haven't... I'm sorry, I believe that it was... My reading was that you You turned to the issue when you found out about the mediation No, there was a discussion, there were discussions actually Between myself and counsel for the insureds Prior to that time With them wanting us to contribute toward a settlement That they may be negotiating the mediation And in point of fact, we had offered a very small amount of money Toward that to avoid this litigation Mr. Duffy, when would you say you first made contact With Mr. Brown? Truthfully, my recollection would be It would have been a few weeks prior to the mediation And it wouldn't have been with Mr. Brown It was with some other lawyer who I don't recollect right now To identify him other than I thought that he might be the contact It just seemed to me that It was kind of a long time For the insurance company to To at least state its position to the firm Well, but as I said Even if you take in the time period Between the time of the tender and the time of the filing of the lawsuit There's nothing to indicate that that time period is unreasonable And that's the standard There's multiple cases which have held longer time periods to be reasonable And so, you know, given those facts And if there was an obligation to defend Certainly we would have been required to reimburse The defense costs incurred from the date of tender And I don't think there's any dispute about that However, there's no duty to defend in the first instance Because this case is nothing more Than somebody coming in and saying Hey, I've got this bill to pay And I agreed to pay it in writing And I've refused to pay it, but I want you to pay it for me And that's not a negligent act or omission In the administration of an employee benefit plan I mean, taken to its illogical conclusion Every commercial dispute In which an insurer decides He or she doesn't want to pay A sum that they've agreed to pay Becomes an insurable event Because I decide not to keep records Well, it's not an outside vendor supplying IT equipment It's an employee It's a little closer to the benefits, wouldn't you say Than just not paying the rent Well, it is an employee, but it is a contract And it is an amount that they agreed upon And this really is a wage dispute They've agreed to pay a wage to this man For vacation and sick time Over a period of years I mean, there is an Illinois Wage Act count here But it's entirely based upon and has to There has to be an employment contract breach Before there's a statutory obligation here So the entire case is in fact Really seeking Coverage for something that is almost You know, an immoral hazard In effect So we believe that the district court was entirely correct In following Baylor And that the court should affirm that decision In its entirety Any further questions, Your Honor? I see my time is running low Thank you, Mr. Duffey Mr. Brown I think what we're asking the court to do Is really reconcile two cases The Baylor case and the Kruger case The Kruger case uses the analysis we used And talks about sort of the Broad prohibition Against holding that See, you're opening quite a can of worms Because it must be that many breaches of contract Are involuntary, are the result of carelessness In a firm But people can't buy insurance against A breach of contract Because Because it would Encourage carelessness I owe you money, I don't have to worry about it I'm insured And I get back to that whole point Isn't it carelessness not to enroll You can't have that, you cannot allow people To relax all their Controls, all their care On a contract on the theory that Carelessness in Administering a contract is insurable Because then nobody is going to be careful Then the coverage is illusory because all the employees It's not illusory because there are loads of other things Like traffic accidents and so on For which the insurance is designed The plant burns down Workers are injured That's not the same as, you know, owing money To someone and saying, well I don't have to worry about Paying that person because I'm insured Don't you see the implications Of your position? I do, but the insurance covers the employee benefit Which is the contractual benefit, whether it's pension benefit Health insurance benefit or the vacation benefits Which we're talking about in this particular case If you say that those benefits all arise out of the employment Contract, then this insurance would never cover Any circumstance in which those benefits Weren't paid by an employer Great, thank you, your honor Okay, well thank you very much to both panelists